[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (#107)
The following facts are based on the contents of the record. The plaintiff, Joseph B. Ciccarello, commenced this action by causing process to be served on the defendants, James W. Cahill and Susan W. Cahill, on May 3, 1992. On June 30, 1992, the court, Austin, J., granted the plaintiff's motion to default Susan W. Cahill for failure to disclose a defense. On July 7, 1992, the clerk granted the plaintiff's motion to default James W. Cahill for failure to plead.
The plaintiff now moves for summary judgment.
 "`Practice Book Sec. 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."'" Gurliacci v. Mayer, 218 Conn. 531, 561-62, 590 A.2d 914 (1991).
Zauner v. Brewer, 220 Conn. 176, 180, 596 A.2d 388 (1991).
Where the defendants have been defaulted, however, the Practice Book provides a separate procedure for the plaintiff to move for judgment. Practice Book Sec. 236 provides, in pertinent part, that "If no disclosure of defense has been filed, the court may order judgment upon default to be entered for the plaintiff at the time the motion is heard or thereafter, provided that in either event a separate motion for such judgment has been filed." Furthermore, Practice Book Sec. 364(b) provides:
 Since the effect of a default is to preclude the defendant from making CT Page 8081 any further defense in the case so far as liability is concerned, the court, at the time it renders the default, may also render judgment in foreclosure cases, in actions similar thereto, in summary process actions, and in any contract action where the damages are liquidated, provided the plaintiff has also made a motion for judgment and provided further that any necessary affidavits of debt or accounts or statements verified by oath, in proper form, are submitted to the court.
Accordingly, the proper course of action for the plaintiff is to move for judgment upon default pursuant to Practice Book Secs. 236 and 364 rather than to move for summary judgment, and therefore the subject motion is denied.
HIGGINS, J.